```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


RODNEY HENRY                                CIVIL ACTION

VERSUS                                      NO: 15-5971

NEW ORLEANS LOUISIANA                       SECTION: "J"(2)
SAINTS, LLC
```

### ORDER & REASONS

Before the Court is Plaintiff Rodney Henry's *Motion for Reconsideration* **(Rec. Doc. 36),** an opposition thereto **(Rec. Doc. 37)** filed by Defendants New Orleans Louisiana Saints, LLC, and Plaintiff's Motion for Leave to File Reply in Support of Reconsideration **(Rec. Doc. 40).** Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motions should be **DENIED.**

### FACTS AND PROCEDURAL BACKGROUND

Plaintiff Rodney Henry sued Defendant New Orleans Louisiana Saints, LLC under the Fair Labor Standards Act for allegedly unpaid compensation for overtime work, discrimination and retaliation under Title VII of the Civil rights Act and Louisiana law, and for breach of contract and penalty wages. (Rec. Doc. 36-1, at 2.) On May 18, 2016 this Court granted Defendants' Motion to Compel Arbitration (Rec. Doc. 5) and Motion to Stay Action Pending Arbitration (Rec. Doc. 12.) In short, this Court found that

Plaintiff's agreement with Defendants was valid and for Plaintiff to submit his claims against the Saints and the Bensons to arbitration.

## PARTIES' ARGUMENTS

Plaintiff asserts two main arguments in its motion for reconsideration: 1) The NFL Commissioner cannot serve as the exclusive arbitrator because he is not impartial and should be removed before any arbitration proceedings commence; 2) The agreement only contemplates Commissioner Goodell as arbitrator and he cannot serve as arbitrator because he is impartial. Therefore, the agreement is unconscionable because its unconscionable provisions cannot and should not be severed. (Rec. Doc. 36-1.)

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dept. of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment, including a judgment on a motion to dismiss, as a Rule 59(e) motion to alter or amend. Fed. R. Civ. P. 59(e); *St. Paul Mercury Ins. Co. v. Fairgrounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *Sawhney v. TD Ameritrade, Inc.*, 2010 WL 5057413, at *1 (E.D. La. Dec. 2, 2010). Reconsideration of a judgment under Rule 59(e) is

2

an "extraordinary remedy" used "sparingly" by the courts. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion for reconsideration calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.; see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'" *In Re Energy Partners, Ltd.*, 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); *see also Pechon v. La. Dep't of Health & Hosp.*, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Technologies, Inc.*, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail

3

on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

## **DISCUSSION**

This Court's May 18, 2016 Order ("Order") (Rec. Doc. 35) addressed each of the arguments raised by Plaintiff in its motion for reconsideration. Plaintiff re-alleges that the prospective waiver of rights renders the agreement unenforceable because it cannot be severed from the agreement. (Rec. Doc. 36-1, at 8.) Plaintiff's original argument was that such agreement was unconscionable because it required him to waive future substantive rights. (Rec. Doc. 25, at 18.) However, this Court held that "[t]o the extent that the waiver provision can be interpreted to prevent Plaintiff from effectively vindicating his rights under Title VII, it is unenforceable." (Rec. Doc. 35, at 20.) As noted above, however, motions for reconsideration should not be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." *Voisin*, 2010 WL 3943522, at *2.

4

Plaintiff re-alleges that the agreement is unenforceable because it designates the NFL Commissioner as the exclusive arbitrator and as such is null and void. (Rec. Doc. 36-1, at 4-6.) Plaintiff now argues that this Court has the power to remove an arbitrator before arbitration proceedings due to Commissioner Goodell's supposed bias. *Id.* at 4 (emphasis added). However, this Court addressed this very issue in its original Order and held that "the appropriate method for contesting any possible bias is through judicial review of the arbitration award." (Rec. Doc. 35, at 25.) Once again, motions for reconsideration should not be used to re-litigate prior matters which were resolved to the movant's dissatisfaction. *Voisin*, 2010 WL 3943522, at *2. Further, motions for reconsideration are not the appropriate vehicle to raise arguments that could have been offered or raised before entry of judgment. *Templet*, 367 F.3d at 478-79.

In all, Plaintiff merely re-alleges many of his original arguments. (Rec. Doc. 17.) Plaintiff has not cited to any intervening change in the law since this Court's May 18 Order (Rec. Doc. 35.) Furthermore, Plaintiff has not pointed to any newly discovered evidence previously unavailable to him, nor has he clearly established either a manifest error of law or fact.

5


**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Reconsideration* **(Rec. Doc. 36)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Leave to File Reply in Support of Reconsideration* **(Rec. Doc. 40)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's *Request for Oral Argument* in this matter **(Rec. Doc. 38)** is **DENIED**.

New Orleans, Louisiana this   28th   day of   June  , 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE